## POSTAL EMPLOYEES' OIL & GAS CO. v. VAUGHAN. (No. 2560.)

(Court of Civil Appeals of Texas. Texarkana. April 27, 1922.)

**Judgment** ☞364—**Motion to set aside judgment entered against defendant, absent through misunderstanding, held sufficient.**

A seasonable motion, setting up a legal defense, to set aside a judgment entered in the absence of defendant, where not controverted, and where shown that the defendant's absence at the trial was due to a misunderstanding concerning the setting of the docket, should be sustained.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by J. H. Vaughan against the Postal Employees' Oil & Gas Company and others. From a judgment for plaintiff, defendant named appeals. Reversed and remanded.

The suit was brought by appellee against W. A. Scott, the National Reserve Oil Corporation, and the appellant, operating under a trust agreement. The petition alleged that under a contract to do so the appellee performed labor and did work for W. A. Scott and the National Reserve Oil Corporation in the operating, digging, drilling, and boring of a well for oil or gas, located on a leasehold interest granted and conveyed to W. A. Scott, and that W. A. Scott and the National Reserve Oil Corporation were justly indebted to the appellee in the sum of $1,076.61 as a balance due, and to secure payment of which the appellee had filed with the county clerk and had fixed and secured his laborer's lien on the property described in Exhibit A attached; "that the defendant the Postal Employees' Oil & Gas Company is claiming an interest, lien, or ownership in said property, and that within the time and in the manner as provided by law, the plaintiff has delivered to the said defendant a duplicate copy of his itemized account of said labor and of his affidavit supporting the same." The prayer of the petition was for judgment for the amount of the debt against W. A. Scott and the National Reserve Oil Corporation, and for judgment foreclosing the laborer's lien against all the defendants.

The appellant answered:

"Now comes the Postal Employees' Oil & Gas Company and denies all and singular the allegations of the plaintiff's petition, and demands strict proof of the same, except that it is the owner of the property sequestered by the plaintiff."

The court entered judgment for the plaintiff as prayed for. The judgment has the recital:

"That the defendants, though having filed their answers herein, failed to appear and present their defense, if any they have."

Further the judgment has the proviso that, of the proceeds arising from the sale, after paying the plaintiff's debt and court costs, "the remaining, if any, be paid to the Postal Employees' Oil & Gas Company."

In seasonable time the appellant filed a motion setting up that it failed to appear and present its defense because of reliance upon an alleged agreement respecting the day of setting the case on the trial docket, and the defense that it was not liable for the debt, and had no interest in the oil or gas well, and that it was the owner of the oil rig outfit, and had merely rented it to the other defendants for a stipulated money rental, and that the property was not subject to a lien in fact or under the terms of the law. The appellee did not controvert the sworn motion of appellant. The court overruled the motion.

Wheeler & Robison, of Texarkana, for appellant.

Geo. W. Johnson, of New Boston, for appellee.

LEVY, J. (after stating the facts as above). The motion of the appellant is in the form of an application to have the trial court set aside the judgment theretofore entered in the absence of the defendant. Treating the motion as an equitable application, as we think it should be, there appears a complete showing in the absence, as here, of a controverting affidavit of appellee, of reasonable ground for a rehearing of the cause. It appears that appellant was not negligent in not appearing at the date of the present trial, and that its absence was reasonably due to a misunderstanding concerning the setting of the docket. There appears a legal defense, if proven.

Therefore the judgment is reversed, and the cause remanded for another trial.